# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL WM. ANDERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ATTORNEY GENERAL OF THE ) <br> COMMONWEALTH OF PENNSYLVANIA, ) <br> ORLANDO HARPER, *Warden of Allegheny* ) <br> *County Jail*, and DISTRICT ATTORNEY OF ) <br> ALLEGHENY COUNTY, ) <br> ) <br> Respondents. ) | Civil Action No. 17-1347 <br> Chief Magistrate Judge Maureen P. Kelly |

## MEMORANDUM OPINION

Darryl William Anderson ("Petitioner") filed a Petition for Writ of Habeas Corpus, (the "Petition"), claiming Respondents are improperly calculating his multiple sentences for different convictions and violations of probation. ECF No. 4. At the time of the filing of the Petition, Petitioner was apparently housed in the Allegheny County Jail. In the Petition, Petitioner claims that he never received a credit of 77 days against any of his sentences. Upon review, Respondents have definitively established that Petitioner did receive the credit of 77 days against one of his multiple sentences. Because Petitioner's factual premise is incorrect, the Petition will be dismissed and a certificate of appealability will be denied.

## I. PROCEDURAL HISTORY

Petitioner is proceeding in forma pauperis, ECF No. 3, and filed his original Petition, ECF No. 4. Petitioner then filed a "Supplement" to the Petition wherein he explicitly states that the "time frame I'm requesting is from 12/13/16 – 3/1/17. Approximately 76-78 days detained at

CC 20091489 – 200914853." ECF No. 7 at 1. Utilizing the method of counting provided for in Fed. R. Civ. P. 6, we calculate this period of time between December 13, 2016 and March 1, 2017 to be 77 days.[1] Petitioner then filed an Amended Petition for Writ of Habeas Corpus (the "Operative Petition"). ECF No. 8. In the Operative Petition, Petitioner claims that his sentences in CC 200914849 and CC 200914853 (collectively "the 2009 Robbery Sentences") should have ended on November 2, 2017 if he had been given the credit for the 77 days between December 13, 2016 and March 1, 2017. ECF No. 8 ¶ 9.

On November 24, 2017, Petitioner filed a Notice of Change of Address, indicating that he was no longer being incarcerated but was apparently released to a private residence. ECF No. 16.[2]

On December 1, 2017, Respondents filed an Answer, indicating that Petitioner was not

---

[1] Fed. R. Civ. P. 6 provides in relevant part as follows:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[2] The Court specifically declines to find that these proceedings have been mooted by Petitioner's release. Respondents in their Answer do not contend that these proceedings are moot. Nor does the record definitively reveal whether Petitioner remains subject to any of the multiple sentences in any manner.

entitled to any relief in these proceedings as Petitioner was given 78 days[3] of credit against his sentence for CP-02-CR-0003535-2015, a conviction for a car accident involving death or injury by a person not properly licensed (the "2015 Driving Case") and that Petitioner was therefore not entitled to credit against any of his other sentences for this time period.[4] Respondents attached a copy of the March 1, 2017 probation sentencing order of Court in Petitioner's 2015 Driving Case (the "March 1, 2017 Sentencing Order"). ECF No. 18 at 7. The March 1, 2017 Sentencing Order in the 2015 Driving Case specifically states that the defendant, i.e., Petitioner, shall receive credit for time served from 12/14/2016 to 3/1/2017 calculated to be 78 days. The March 1, 2017 Sentencing Order further indicated that Petitioner was sentenced to time served, i.e., the 78 days and that the state court closed interest on the 2015 Driving Case, meaning that the Petitioner had maxed out his sentence for the 2015 Driving Case and there was no further period of incarceration to be served nor any period of probation or parole. Id.

The Court ordered Petitioner to file a Response to the Respondents' Answer, ECF No. 19, and Petitioner complied (the "Response"). ECF No. 21.

---

[3] There is a discrepancy of 1 day between this Court's counting of the number of days between December 13, 2016 and March 1, 2017, which we calculate to be 77 days and which the state court counted to be 78 days. As this discrepancy is actually in Petitioner's favor, i.e., Petitioner is being given one more day of credit than this Court deems he is entitled to, there is nothing for Petitioner to complain about.

[4] The Court takes judicial notice of the dockets in Petitioner's 2015 Driving Case which are available at:
https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0003525-2015

(site last visited 2/21/2018).

All parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 2 and 10.

## II. DISCUSSION

We note that Petitioner's convictions and sentences are presumed to be constitutional and valid. Meyers v. Gillis, 93 F.3d 1147, 1151 (3d Cir. 1996) ("On collateral attack. . . ., the state receives the presumption of regularity and all reasonable inferences.") (quoting Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993)); Schlette v. California, 284 F.2d 827, 833-34 (9th Cir. 1960)("A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused."). Thus, the burden is clearly upon Petitioner to show that his sentence is unconstitutional or illegal. Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997) ("On a petition for a writ of federal habeas corpus, the petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."); Riggs v. Federal Bureau of Prisons, Civ. A. No. 5:06-cv-00687, 2007 WL 1655240, at *3 (S.D.W.Va., June 6, 2007) ("The petitioner carries the burden of proving he is entitled to habeas corpus relief under 28 U.S.C. § 2241"). Petitioner has failed to carry that burden.

Petitioner claims entitlement to credit for time served from December 13, 2016 until March 1, 2017 against his 2009 Robbery Sentences. ECF No. 4 ¶¶ 14 -15; ECF No. 7 at 1 ("the time frame I'm requesting is from 12/13/16 – 3/1/17, approximately 76 – 78 days detained at cc

4

200914849 – 200914853"); ECF No. 8.  Respondents definitively established that Petitioner received credit against his 2015 Driving Case for the period of December 14, 2016 to March 1, 2017, a period of 78 days as calculated by the state court.

In the Response to the Answer, Petitioner does not dispute that he in fact received credit for the period of December 14, 2016 until March 1, 2017 against his 2015 Driving Case.  Instead, Petitioner merely argues that he did not know of this credit and that he was not informed of this credit when he was sentenced by the state court on the 2015 Driving Case.  ECF No. 21 ¶ 17 ("The first time the Petitioner was made aware of 78 days credit being applied to cc 2015-03525 was on or about December 20, 2017, in the Districts [sic] Attorney's Answer.").

We note that Petitioner's claim of ignorance is of no significance as to whether his sentences were properly calculated or not.  We find it not credible that Petitioner never received a copy of the March 1, 2017 Sentencing Order in his 2015 Driving Case. Not only is it not credible but it is quite beside the point given that Petitioner does not deny that his attorney received the March 1, 2017 Sentencing Order because delivery to the agent is delivery to the principal and knowledge by the agent is imputed knowledge by the principal.[5]  Bronson v. Kelchner, CIV.A. 07-1191, 2008 WL 5397759, at *7 (W.D. Pa. Dec. 23, 2008) ("the clear rule is that delivery to an agent constitutes delivery to the principal) (citing Bryan v. Bartlett, 435 F.2d 28, 33 (8th Cir. 1970) ("Of course, it is an elementary principle of agency that delivery to a principal's agent is the equivalent of delivery to the principal.")); Premier Bank v. Cohen-Esrey Properties, Inc., 859

---

[5] Petitioner concedes that he was present at the March 1, 2017 sentencing and that he was represented by Attorney Steven Tehovnik, a public defender as defense counsel.  ECF No. 21 ¶ 8.

F. Supp. 1388, 1396 (D. Kan. 1994) ("Delivery to one's agent constitutes delivery to the principal")). See also Farris v. JC Penney Co., Inc., 176 F.3d 706 (3d Cir. 1999) (looking to, inter alia, principles of agency law to answer question of attorney's authority to settle case); Smith v. Delaware Valley Auto Spring Co., 642 F. Supp. 1112, 1116 (E.D. Pa. 1986) ("because the attorney-client relationship is one of principal and agent, I should apply the general principles of agency law."). Accordingly, Petitioner's claim that there "was no mention of a 78 day credit set forth on the record on March 1, 2017", ECF No. 21 ¶ 14, is of no legal significance to his claim herein that he was not credited with 78 days of time in the two other criminal cases. The record is clear that Petitioner did receive the credit for the 78 days at issue in the 2015 Driving Case.

We further take note of the fact that the public docket in Petitioner's 2015 Driving Case clearly states that Petitioner received credit of 78 days against his 2015 Driving Case sentence. Given that Petitioner was in fact credited with the time he sought credit for but was given this credit against his 2015 Driving Case instead of his 2009 Robbery Sentences, we find the factual premise of his claim in these habeas proceedings to be factually incorrect.

Further, Petitioner does claim, in the Response to the Answer, entitlement to a double credit, i.e., that he should receive credit for the 78 days against both his 2015 Driving Case and his 2009 Robbery Sentences, asserting that the probation terms for the 2009 Robbery Sentences and the probation term for the 2015 Driving Case were run concurrently, and therefore, the "violations should also run concurrent" and, "[a]s such the credit time should be run concurrently." ECF No. 21 ¶¶ 24 -25. Petitioner cites nothing in support of this contention and,

6

indeed, Petitioner is clearly not entitled to such double credits under state law.  Bright v. Pennsylvania Board of Probation and Parole, 831 A.2d 775, 778 (Pa. Cmwlth. 2003) ("Section 9760(4) makes it clear that time credit on a sentence may be granted only when it has not already been credited toward another sentence. Neither Section 9760(4) nor any other provision of the [Sentencing] Code allows a defendant to receive credit against more than one sentence imposed for multiple convictions of separate and unrelated charges.") (citations omitted).

Moreover, we find that the March 1, 2017 Sentencing Order that Petitioner receive the 78 days of credit against his 2015 Driving Case to be a sufficiently clear intent on the part of the sentencing judge that Petitioner receive credit only against the 2015 Driving Case and not also against the 2009 Robbery Sentences.

Furthermore, even if the March 1, 2017 Sentencing Order in Petitioner's 2015 Driving Case was not sufficiently clear as to the sentencing court's intent with respect to crediting of Petitioner's 2009 Robbery Sentences, the sentencing court's intent was made absolutely clear in its two July 6, 2017 sentencing orders for the 2009 Robbery Sentences.  In the two July 6, 2017 sentencing orders, the sentencing court made clear that Petitioner was not to be given credit against those two 2009 Robbery Sentences for the period between December 14, 2016 and March 1, 2017, and that only the two 2009 Robbery Sentences were, in fact, to run concurrent with each other.  Contrary to Petitioner's suggestion, the sentencing court did not direct that the 2009 Robbery Sentences were to run concurrent with the 2015 Driving Case sentence.  ECF No. 18 at 4 – 6.

In light of the fact that Petitioner fails to show that his sentences were not properly

7

credited, Petitioner fails to carry his burden herein to show entitlement to federal habeas relief. Accordingly, the Operative Petition is dismissed and a certificate of appealability is denied as jurists of reason would not find the foregoing debatable.

Date: February 21, 2018

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: DARRYL WM. ANDERSON
1504 Island Avenue, # 4
Pittsburgh, PA 15136

All counsel of Record via CM-ECF